IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

STACEY D. BERRY,

    Petitioner,

v.

DAVID LOUTHAN, Warden,[1]

    Respondent.

Case No. 23-CV-0356-JFH-CDL

## ORDER

Petitioner Stacey D. Berry ("Berry"), an Oklahoma prisoner appearing through counsel, seeks federal habeas relief, under 28 U.S.C. § 2254, through a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition"). Dkt. No. 2. Berry claims he is in state custody, in violation of his Fourteenth Amendment right to due process, under the criminal judgment entered against him in Craig County District Court Case No. CF-2014-36. Before the Court is Respondent's Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion"). Dkt. No. 6. Respondent contends this Court lacks jurisdiction to adjudicate the Petition because the Petition is an unauthorized second or successive habeas petition. Having considered the Petition, the Motion and Brief in Support of the Motion [Dkt. No. 7], the Response in Opposition to the Motion ("Response") [Dkt. No. 11], and applicable law, the Court GRANTS the Motion and DISMISSES the Petition.

---

[1] Berry presently is incarcerated at the Lexington Correctional Center in Lexington, Oklahoma. The Court therefore substitutes the warden of that facility, David Louthan, in place of Tommy Sharp as party respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note on the record this substitution.

I.

In December 2015, Berry pleaded guilty to four counts of child sexual abuse (counts one through four) and one count of sexual battery (count five) in Craig County District Court Case No. CF-2014-36.  Dkt. No. 7-1 at 9-10.  In January 2016, the trial court sentenced Berry to prison terms of twenty years each as to counts one through four; ordered the terms imposed as to counts one and two to run concurrently with each other; ordered the terms imposed as to counts three and four to run concurrently with each other but consecutively to the terms imposed as to counts one and two; sentenced Berry to a prison term of five years as to count five; and ordered the five-year sentence to be served consecutively to the other sentences.  *Id.* at 10-11.  Berry did not file an appeal in the Oklahoma Court of Criminal Appeals ("OCCA") to seek direct review of his judgment and sentence.  Dkt. No. 2 at 7; Dkt. No. 7 at 7.

Between 2017 and 2023, Berry sought postconviction relief in state court.  Dkt. No. 2 at 7; Dkt. No. 7 at 7-10.  As relevant to this habeas proceeding, Berry filed a second application for postconviction relief in state district court in August 2020.  Dkt. No. 7-8.  Relying on *McGirt v. Oklahoma*, 591 U.S. ___, 140 S. Ct. 2452 (2020), Berry asserted that the State of Oklahoma lacked jurisdiction to prosecute him for crimes he committed in Indian country.  Dkt. Nos. 7-8, 7-9.  In April 2021, the state district court issued a minute order finding, based on stipulated facts, that Berry is Indian and that he committed his crimes in Indian country.  Dkt. Nos. 7-14, 7-15.  The state district court concluded that the State lacked jurisdiction to prosecute Berry, granted postconviction relief, and "order[ed the] case dismissed and defendant released from custody." Dkt. No. 7-14.  The state district court immediately stayed execution of its decision for thirty days, "pending appeal of State pursuant to 22 O.S. 1087," and directed Berry's counsel to draft a journal

entry.  *Id.*  The state court docket sheet does not reflect that a journal entry was filed.  Dkt. No. 7-1; *see also* Dkt. No. 7-20 (Berry's writ of mandamus, filed in June 2022, seeking an order from the OCCA directing the state district court to "sign a Journal Entry consistent with the record from April 14, 2021, post-conviction relief order").  The State did not file an appeal after the state district court issued the minute order.  Dkt. No. 2 at 10, 15.  In June 2021, the State filed a motion to continue the stay, and the state district court granted the motion.  Dkt. Nos. 7-16, 7-17.  In September 2021, the state district court issued an order lifting the stay, reversing its prior order, and denying Berry's second application for postconviction relief based on the OCCA's holding in *State ex rel. Matloff v. Wallace*, 497 P.3d 686, 688 (Okla. Crim. App. 2021), that *McGirt* "shall not apply retroactively to void a conviction that was final when *McGirt* was decided."  Dkt. No. 7-18.  Berry filed an out-of-time postconviction appeal, and the OCCA affirmed the denial of his second application for postconviction relief in March 2023.  Dkt. No. 7-25.

Berry filed the instant Petition in August 2023.  He claims he is in custody in violation of his Fourteenth Amendment right to due process because he "had a substantial and legitimate expectation OCCA would honor the respondent's final order dismissing his case because the State had defaulted for failing to appeal and thus respondent was barred by estoppel."  Dkt. No. 2, at 2, 11-15.

## II.

Respondent contends, and the Court agrees, that the Petition is an unauthorized second or successive petition that must be dismissed for lack of jurisdiction.  Dkt. Nos. 6, 7.  The phrase "second or successive" is not defined in 28 U.S.C. § 2244(b), but the United States Supreme Court has explained that a second or successive petition filed by a state prisoner seeking relief from the same underlying state criminal judgment challenged in a first petition, with no new intervening

judgment between the first and second or successive petition, is a second or successive petition subject to the requirements of § 2244(b). *Compare Burton v. Stewart*, 549 U.S. 147, 153 (2007) (concluding second-in-time habeas petition was "second or successive" under § 2244(b) because state prisoner "twice brought claims contesting the same custody imposed by the same judgment of a state court"), *with Magwood v. Patterson*, 561 U.S. 320, 341-42 (2010) (explaining that "where, unlike in *Burton*, there is a 'new judgment intervening between the two habeas petitions,' an application challenging the resulting new judgment is not 'second or successive' at all" (quoting *Burton*, 549 U.S. at 156)). The instant Petition is Berry's third-in-time habeas petition seeking relief from the criminal judgment entered against him in Craig County District Court Case No. CF-2014-36. Berry previously filed two habeas petitions in this court seeking relief from that same judgment. In each case, Berry challenged the validity of his criminal judgment on the ground that the State of Oklahoma lacked jurisdiction to prosecute him because he is Indian and he committed his crimes in Indian country. *See* Dkt. No. 1, at 9-17, *Berry v. Braggs*, N.D. Okla. Case No. 19-CV-0706-GKF-FHM; Dkt. No. 2, at *Berry v. Whitten*, N.D. Okla. Case No. 20-CV-0668-CVE-JFJ. This court dismissed Berry's first petition as barred by § 2244(d)(1)'s one-year statute of limitations. Dkt. Nos. 22, 23, *Berry v. Braggs*, N.D. Okla. Case No. 19-CV-0706-GKF-FHM. This court dismissed Berry's second petition as an unauthorized second or successive habeas petition. Dkt. Nos. 4, 5, *Berry v. Whitten*, N.D. Okla. Case No. 20-CV-0668-CVE-JFJ.

  Relying on *Magwood*, Berry contends the Petition is not second or successive because the state district court "reinstated [his] judgment and sentence, making it a new judgment and sentence" that is not subject to § 2244(b)'s requirements. Dkt. No. 11. But Berry's reliance on *Magwood* is misplaced. Nothing in the record supports Berry's assertion that the state district court entered a "new" judgment after that court indicated in the April 2021 minute order that it

4

was granting Berry's second application for postconviction relief, dismissing his case, ordering his release, and staying execution of its decision. Rather, the state court docket sheet shows: (1) that a judgment and sentence was filed on January 20, 2016; (2) that an amended judgment and sentence was filed on February 25, 2016; and (3) that no new or amended judgment and sentence was filed in the case after the state district court granted, then later denied, Berry's second application for postconviction relief. Dkt. No. 7-1 at 11-12, 22-27. Berry filed his second habeas petition in December 2020, and he filed the instant Petition in August 2023. Because the state district court did not enter any new judgment intervening between these two habeas petitions, the facts of this case are more analogous to those in *Burton* than those in *Magwood*. The Court thus finds that the Petition is a second or successive petition subject to § 2244(b)'s requirements.

A district court must dismiss claims asserted in a second or successive petition filed by a state prisoner if those claims were "presented in a prior application." 28 U.S.C. § 2244(b)(1). In limited circumstances, a district court may consider claims presented in a second or successive petition filed by a state prisoner if those claims were not presented in a prior petition. 28 U.S.C. § 2244(b)(2). However, before a state prisoner files a second or successive petition in district court, raising either previously presented claims or newly presented claims that might fall within § 2244(b)(2)'s narrow exceptions, the prisoner must first file a motion "in the appropriate court of appeals for an order authorizing the district court to consider" the second or successive petition. 28 U.S.C. § 2244(b)(3)(A). If the state prisoner does not obtain the requisite authorization, the district court does not have jurisdiction to adjudicate any claims raised in the second or successive petition. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (*per curiam*) ("A district court does not have jurisdiction to address the merits of a second or successive . . . § 2254 claim until [the court of appeals] has granted the required authorization."). Berry does not argue, either in the

5

Petition or the Response, that he obtained the requisite authorization. Instead, he fails to mention in the Petition that he previously filed two habeas petitions in this court, and he argues in the Response that he is not required to obtain authorization in light of *Magwood*. Dkt. Nos. 2, 11. On the record presented, the Court thus finds that the Petition is an unauthorized second or successive petition and concludes that Respondent's Motion should be GRANTED and that the Petition should be DISMISSED, without prejudice, for lack of jurisdiction. Because the absence of jurisdiction is a plain procedural bar to relief, the Court further concludes that no certificate of appealability should issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### III.

IT IS THEREFORE ORDERED that (1) the Clerk of Court shall note on the record the substitution of David Louthan, Warden, in place of Tommy Sharp as party respondent; (2) the Motion to Dismiss for Lack of Subject Matter Jurisdiction [Dkt. No. 6] is GRANTED; (3) the Petition for a Writ of Habeas Corpus by a Person in State Custody [Dkt. No. 2] is DISMISSED without prejudice; (4) a certificate of appealability is DENIED; and (5) a separate judgment of dismissal shall be entered in this matter.

Dated this 9th day of May, 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE